Harold J. Crawford, J.
The plaintiffs commenced a plenary action by the service of a summons and complaint upon the defendants on October 28,1959. They seek therein a permanent and temporary injunction restraining the defendants, their officers, directors, attorneys, agents, representatives and employees from using the name ‘ ‘ Acoustieon ’ ’ or the name “Acoustieon at Brooklyn ” or any variation, abbreviation, contraction or limitation thereof; from representing or holding themselves out as the authorized or franchised distributors or dealers of Acoustieon hearing aid products, or as an authorized agent, branch, representative or affiliate of the plaintiffs, or of the Acoustieon International Division of the plaintiff Dictograph Products Inc.; and that the defendants be directed to cancel any telephone number listed by them or on their behalf under a name which includes, as part thereof, the name “ Acoustieon ”; and for other relief incidental to the foregoing.
Plaintiffs have now moved for an order, pursuant to section 964 of the Penal Law, for the relief asked in their complaint, or if the application cannot be granted under that statute that, *878 in the alternative, a temporary restraining order be issued, pursuant to section 876 et seq. of the Civil Practice Act, for the same relief.
This court is of the opinion that the summary permanent injunction authorized by section 964 of the Penal Law is not available in connection with or as an incident of a pending plenary action by the applicants against the same parties for the same relief.
The plaintiffs, however, have sufficiently established their right to a temporary injunction pending the determination of this action. Accordingly, the alternative branch of plaintiffs’ motion is granted to the extent of restraining the defendants, pending the determination of this action, from using the name “ Acousticon ” or the name “Acousticon at Brooklyn ” in any shape, form or manner in connection with their retail hearing aid business, including the listing and advertising of such name in any alphabetical and classified telephone directories, upon condition that plaintiffs furnish an undertaking in the sum of $5,000 upon the settlement of the order hereon.
This case, however, should be tried as early as possible. To that end, it is directed that it be placed upon the calendar, upon five days’ notice, for trial on a day certain, subject to the approval of the Justice presiding, upon the payment of the necessary fees.
Settle order.